936 F.2d 574
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
George K. SIMS, Defendant-Appellant.
 No. 90-6062.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1991.
 
 Before KENNEDY and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant pled guilty to one count of possession with intent to distribute a controlled substance, dilaudid, while being aided and abetted by another in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. The District Court sentenced defendant to 51 months incarceration, a sentence within the range prescribed by the Federal Sentencing Guidelines, followed by three years of supervised release. Defendant appeals his sentence. For the following reasons, we AFFIRM.
 
 
 2
 Defendant raises three issues on appeal. First, defendant argues that the District Court erred by refusing to depart downward from the Sentencing Guidelines. Second, defendant alleges that the District Court incorrectly calculated his sentence because it used the gross weight of each tablet notwithstanding that each tablet contained only a small percentage of dilaudid. Finally, defendant contends that his constitutional right to confrontation was violated.
 
 
 3
 Regarding downward departure, a defendant may not appeal a sentence that is within the sentencing guidelines range unless such sentence was imposed in violation of law. United States v. Draper, 888 F.2d 1100, 1105 (6th Cir.1989); 18 U.S.C. Sec. 3742. This Court therefore lacks jurisdiction to consider defendant's first issue.
 
 
 4
 The District Court correctly applied the Sentencing Guidelines when it calculated defendant's sentence based on the gross weight of the tablets in his possession. For drug offenses, a defendant's sentence is based in part on the amount of drugs involved in the crime. See 21 U.S.C. Sec. 841(b). Not all drugs are accounted for in this statutory section; thus, the Sentencing Guidelines set out drug equivalency tables to convert amounts of unlisted drugs into an equivalent amount of a listed drug. U.S.S.G. Sec. 2D1.1. A note to the Drug Quantity Table in Sec. 2D1.1 states:
 
 
 5
 Unless otherwise specified, the weight of a controlled substance set forth in the table refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance.
 
 
 6
 U.S.S.G. Sec. 2D1.1(c), at 2.47. Further, the commentary to this section considers the possibility of upward departure for mixtures of unusually high purity but makes no provision for a downward departure when a mixture contains a relatively small amount of a controlled substance. Id. Sec. 2D1.1 Application Note 10, at 2.48. Although these notes follow the Drug Quantity Tables, they apply with equal force when using the Drug Equivalence Tables for this section. See United States v. Bayerle, 898 F.2d 28, 32 (4th Cir.), cert. denied, 111 S.Ct. 65 (1990). Accordingly, the District Court did not err in its sentencing calculation.
 
 
 7
 Finally, defendant argues that his constitutional right to confrontation was violated. Another individual, Karen Smith ("Smith"), was convicted along with defendant for aiding and abetting defendant in his crime. Smith was given a separate sentencing hearing prior to defendant's sentencing hearing. Smith addressed defendant's level of participation in the crime. Although defendant was given an opportunity to comment on his level of participation, he was unaware that the court had heard other testimony regarding his involvement. Defendant argues that he had a constitutional right to confront Smith as to her statements about his level of participation.
 
 
 8
 A plea of guilty to an indictment waives several federal constitutional rights including the right to confront one's accusers. Boykin v. Alabama, 395 U.S. 238, 243 (1969). Further, the case cited by defendant merely notes that a sentencing court must follow the procedural safeguards of U.S.S.G. Sec. 6A1.3. This section states that a court must give a party "an adequate opportunity to present information" when any factor important to the sentencing decision is in dispute. The District Court adhered to this provision when it allowed defendant to discuss his level of involvement in the crime to which he pled guilty. Moreover, the District Court sentenced defendant to 51 months, the lowest sentence within the applicable range. It would therefore appear that defendant was not prejudiced by his inability to specifically address any statements made by Smith pertaining to him.
 
 
 9
 For the foregoing reasons, we AFFIRM the decision of the District Court.
 
 WELLFORD, Senior Circuit Judge, concurring:
 
 10
 Because the implications of disparity in sentencing are strong in this case, I express my concern; but being bound by this Circuit's precedent, I concur.[1]
 
 
 11
 On January 6, 1990, Karen Smith, George Sims' co-defendant in this case, was arrested in the Memphis airport for possession of 1000 tablets of generic hydromorphone hydrochloride (a substance similar to dilaudid). According to the manufacturer, each tablet had 1.8 milligrams of the scheduled drug and consisted of about 98% filler. Smith cooperated by identifying Sims as her confederate and the recipient of the shipment, and received a reduced sentence of 14 months. (We were informed at oral argument that the sentence was reduced by about one-half).
 
 
 12
 Sims pled guilty to possession of 53 grams of dilaudid and aiding and abetting Smith. Sims, unlike Smith, had no prior record and he was assessed the lowest term under the applicable guidelines--51 months for an offense level of 26 with a 2 point reduction for acceptance of responsibility. The sentencing judge determined the applicable guideline by multiplying the total drug weight, including filler, by 2.5 in order to get a heroin equivalent. See U.S.S.G. Sec. 2D1.1; Chapman v. United States, 59 U.S.L.W. 4530 (May 30, 1991).
 
 
 13
 Sims received a sentence approximately seven times as severe as the co-defendant first apprehended for the indictment offense. A principal basis for this disparity was Smith's testimony, unchallenged by an effective opportunity for cross-examination, that Sims was the real culprit, not herself, in the drug activity. In that respect, Sims contended that his confrontation rights were violated because Smith's adverse testimony was utilized against him.
 
 
 14
 I expressed my concern about drastic departures granted and resulting disparity among co-defendants in this kind of situation in United States v. Morris, No. 89-5747 (6th Cir. Apr. 24, 1990). Compare United States v. Nelson, No. 89-5270 (6th Cir. Nov. 20, 1990). The potentiality for manipulation and abuse by the United States Attorney in such a situation is apparent to thwart the guidelines' ideal of uniformity in sentencing.
 
 
 15
 I do not quarrel with the rationale that a guilty plea involves waiver of confrontation rights. I simply express reservations that fairness and uniformity of sentencing have been achieved in this case.
 
 
 
 [1]
 I also note that the Sentencing Commission receives copies of guideline sentencing opinions and reviews the concerns of judges with respect to carrying out the guidelines in particular circumstances